```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

KEN RICHARDSON, SECURE LINK
TECHNOLOGIES, INC., and SIX X
TELECOM CORP.,

      Plaintiffs,

v.                                Case No. 8:12-cv-2888-T-33TBM

ROUTE 1, INC.,

      Defendant.
_____/

## **ORDER**

In the instant action, pro se Plaintiff Ken Richardson purports to represent himself as well as two corporate Plaintiffs. In accordance with Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice before this Court. In response to the Court's previous Order advising Richardson of this Rule (Doc. # 10), Richardson filed a letter which the Court construed as a Motion to Appoint Counsel (Doc. # 11). The Court subsequently entered an Order denying that motion and directing Richardson to file either (1) a new Complaint in which he is the only Plaintiff, or (2) a new Complaint signed by counsel representing the corporate Plaintiffs. (Doc. # 12).  Rather than filing a new Complaint,

Richardson filed the instant construed Motion for Reconsideration of the Court's Order denying the Motion to Appoint Counsel (Doc. # 13), to which Defendant Route 1 has filed a response in opposition (Doc. # 14). For the reasons that follow, the Motion for Reconsideration is denied.

## I. Legal Standard

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation marks omitted).

**II. Discussion**

In the construed Motion for Reconsideration, Richardson again informs the Court that he is "completely indigent and without any resources to hire an attorney," and claims that the original Complaint in this matter, though signed by Richardson himself (Doc. # 2 at 11), was actually written by "a local experienced attorney and was

3

done so at no charge." (Doc. # 13). Richardson claims that he has "no knowledge of the Federal law court system," and that this case presents "exceptional circumstances . . . as different laws may apply from a foreign country." Id. Richardson additionally explains that he does not desire to proceed as a pro se individual, as "Ken Richardson, Six X Telecom and Secure Link Technologies are all involved conjointly in the matter . . . . All three need[ ] to be represented otherwise there will be no case." Id.

Despite these additional facts, the Court adheres to its previous determination that appointing counsel for Richardson and the corporate plaintiffs in this matter would be inappropriate. The fact that Richardson claims not to have personally drafted the Complaint in this matter does not influence the Court's determination that, based on Richardson's other filings, Richardson is able to communicate his allegations and litigate his case as well as the average pro se litigant. Likewise, despite Richardson's claim that "Canadian laws apply" in this case, the Court finds no exceptional circumstances to merit the appointment of counsel for Richardson. Id.

Furthermore, as Richardson indicates in the Motion for Reconsideration, Richardson does not seek counsel merely

4

for purposes of continuing this action on his own behalf, but instead appears to request appointed counsel so that the two corporate plaintiffs may proceed as well. As the Court explained in its previous Order denying Richardson's Motion to Appoint Counsel (Doc. #12), corporations are ineligible to proceed in forma pauperis under 28 U.S.C. § 1915(e). See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 206 (1993) (noting that corporate insolvency is not necessarily analogous to individual indigency); Redford v. Planchard, No. 1:09-mi-0199, 2009 WL 3158175, at *2 (N.D. Ga. Sept. 25, 2009) ("[A] corporation is not entitled to IFP status."). Additionally, the Court finds "no authority either permitting or requiring appointment of counsel for a corporate [plaintiff] in circumstances such as those before the court." Associated Builders Corp. v. United States, No. 01-D-654-S, 2001 WL 1191144, at *1 (M.D. Ala. Oct. 10, 2001).

The Court now advises Richardson for a third time (Doc. ## 10, 12) that he must file a new Complaint. If Richardson decides to proceed pro se, he must file a Complaint in which he is the only Plaintiff. Alternatively, Richardson may file a Complaint signed by

5

counsel representing the corporate Plaintiffs. The new Complaint must be filed on or before April 26, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Reconsideration (Doc. # 13) is **DENIED**. Plaintiff has until and including April 26, 2013, to file a new Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of April, 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

6