```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

KEN RICHARDSON,

       Plaintiff,

v.                              Case No. 8:12-cv-2888-T-33TBM

ROUTE 1, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court in consideration of Defendant Route 1, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 21), filed on May 10, 2013. Plaintiff Ken Richardson failed to file a response to the Motion within the time required by the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion.

**I.   Background**

Richardson describes himself as "the owner of, chief executive officer or partner with 6X, Inc., and SLT, Inc." (Doc. # 16 at ¶ 10). Richardson claims that, "[b]ecause of promises and inducement made by Route 1 . . . [Richardson] entered into two successive contracts with Route 1" in accordance with which he "purchased from Route 1 and then

re-sold certain tangible and intangible products (hardware and service subscriptions) to customers in Polk County and governmental units throughout Florida." (Id. at ¶¶ 11-12). Specifically, Richardson claims to have purchased five hundred "MobiKEY" products and one-year prepaid subscriptions for "MobiNET" service for each MobiKEY device. (Id. at ¶ 13). Richardson claims that "[t]he one-year MobiNET service subscriptions could be activated only using passwords supplied by Route 1 and were activated on Route 1's computer network," and that "Route 1's MobiKEY products are worthless without activating and using MobiNET service." (Id. at ¶ 14). Richardson further claims that, after he paid Route 1 more than $102,000, took delivery of the five hundred units, and had "promised and contracted with" customers for the one-year prepaid MobiNET service, "Route 1 unilaterally and abruptly changed the material terms of the contract it had agreed to and insisted that the product price did not include [the] one-year prepaid subscription for service." (Id. at ¶ 15).

Richardson, who is proceeding in this action pro se, initiated this action by filing a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 2). Within that Complaint, in

which Richardson purported to represent himself as well as two corporate plaintiffs ("Six X Telecom Corp." and "Secure Link Technologies, Inc."), Richardson asserted the following four counts: (1) defamation and slander, (2) breach of fiduciary duty, (3) breach of contract, and (4) conspiracy. (Id.). On December 21, 2012, Route 1 removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1).

On February 27, 2013, the Court entered an Order striking Richardson's Complaint and informing Richardson that, in accordance with Local Rule 2.03(e), the corporate plaintiffs must be represented by an attorney admitted to practice before this Court. (Doc. # 10). On April 26, 2013, after the Court denied his construed motion to appoint counsel for the corporate plaintiffs (Doc. # 12), Richardson filed an Amended Complaint in which he is the only plaintiff (Doc. # 16). Within the Amended Complaint, Richardson asserts the following five counts: (1) negligence, (2) civil theft, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, (4) unjust enrichment, and (5) fraud. (Doc. # 16).

II. **Legal Standard**

In reviewing a motion to dismiss for failure to state

a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." Id.

In decisions applying Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Eleventh Circuit has "adopted the 'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted). Horsley explains that "'undisputed' in this context means that the authenticity of the document is not challenged." Id. Accordingly, the Court may consider the contract attached to the instant Motion to Dismiss without converting the Motion into one for summary judgment.

**III. Discussion**

Route 1 raises three discrete arguments for dismissing this action: (1) Richardson lacks standing to sue individually for harms allegedly sustained by the corporations, (2) Richardson's claims are barred by the applicable statutes of limitations, and (3) the Amended Complaint fails to plead a cause of action. (Doc. # 21 at 2). Because the Court finds the standing issue alone to be

dispositive, the Court declines to address Route 1's additional arguments at this juncture.

"'Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Dillard v. Baldwin Cnty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Callaway v. Hornbake, No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at *2 (M.D. Fla. Feb. 1, 2012). "Each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Bochese, 405 F.3d at 975 (internal quotations omitted).

Richardson alleges that he, as the only Plaintiff in this action, entered into certain contracts with Route 1. (Doc. # 16 at ¶ 11). However, the contract attached to the

6

Motion to Dismiss reveals that Richardson's corporation, "Six X Telecom," actually contracted with Route 1 in the agreement Richardson describes. "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940).[1] Additionally, although Richardson had an opportunity to clarify this issue for the Court by responding to Route 1's Motion, Richardson failed to do so.

A plaintiff cannot sue individually for harms sustained by a corporation -- even a corporation of which the plaintiff is an "owner . . . chief executive officer or partner." (Doc. # 16 at ¶ 10). The Court acknowledges Richardson's allegation in the Amended Complaint that he "personally financed the purchase of the subject products." (Id. at ¶ 18). However, as Route 1 correctly argues in the Motion to Dismiss, this is not a proper basis for individual standing. See U.S. v. Palmer, 578 F.2d 144, 145-46 (5th Cir. 1978) ("The law is clear that only a corporation and not its shareholders, not even a sole

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

7

shareholder, can complain of an injury sustained by, or a wrong done to, the corporation."); Schaffer v. Universal Rundle Corp., 397 F.2d 893, 896 (5th Cir. 1968) ("The general rule is . . . well established that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation . . . . The general rule is applicable in cases where the individual is the sole stockholder."). Richardson does not allege to have contracted directly with Route 1 in his personal capacity, and apparently sues solely on the basis of contracts between Route 1 and "Six X Telecom." (Doc. # 21-1 at 3-6). Thus, Richardson lacks standing to pursue a cause of action for damages sustained by his corporations.

This Court finds that Richardson's Amended Complaint should be dismissed without prejudice so that Richardson may have leave to file a second amended complaint containing allegations related to the existence of a special duty owed to Richardson by Route 1 and of a harm to Richardson that is independent of the harm suffered by his corporations. See N. Atlantic Marine, Ltd. v. Sealine Int'l, Ltd., No. 06-20200-CIV, 2007 WL 5298433, at *14

(S.D. Fla. Mar. 29, 2007). Notably, the Court has not foreclosed Richardson's ability to bring a suit in the name of his corporations; the Court has merely declined to appoint counsel for Richardson's corporations in this matter. (Doc. ## 12, 15). Thus, Richardson retains the option of filing an action in the name of his corporations.

However, the Court finds it appropriate to remind Richardson that

> when the allegations contained in a complaint are wholly conclusory and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim. Furthermore, the liberal pleading standard of the Federal Rules of Civil Procedure is [constricted] by Rule 11(b). [Richardson is] cautioned that if this Court later determines that Federal Rule 11(b) has been violated, it will impose appropriate sanctions.

Id. (internal quotations and citations omitted). Additionally, the Court once more advises Richardson that counsel must be retained to represent a corporation in federal court.

## IV. Conclusion

The Court finds that Richardson lacks standing to pursue the causes of action described in the Amended Complaint. The Court grants Route 1's Motion to Dismiss without prejudice so that Richardson may have an additional

9

opportunity to state a cause of action, if possible. In light of Richardson's pro se status, the Court advises Richardson that, to the extent he may oppose any argument in a motion filed by the Defendant, Richardson must file a response in opposition to the motion within the time prescribed by the Federal Rules of Civil Procedure. Otherwise, as in the case of the present Motion to Dismiss, the Court will construe the motion as unopposed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss (Doc. # 21) is **GRANTED.**

(2) Richardson may file a second amended complaint on or before June 18, 2013.

(3) If Richardson does not file a second amended complaint by June 18, 2013, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record