```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

KEN RICHARDSON,

    Plaintiff,

v.                                   Case No. 8:12-cv-2888-T-33TBM

ROUTE 1, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant's Motion to Close and Dismiss Case With Prejudice (Doc. # 33), filed on July 23, 2013. Plaintiff Ken Richardson failed to file a response to the Motion within the time required by the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion.

**I.  Background**

Richardson, who is proceeding in this action pro se, initiated this action by filing a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 2). Within that Complaint, in which Richardson purported to represent himself as well as two corporate plaintiffs ("Six X Telecom Corp." and "Secure Link Technologies, Inc."), Richardson asserted the

following four counts: (1) defamation and slander, (2) breach of fiduciary duty, (3) breach of contract, and (4) conspiracy. (Id.). On December 21, 2012, Route 1 removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1). Within the Notice of Removal, Route 1 explained that this action relates to Richardson's assertion that "Six X Telecom entered into a contract with Route 1 to purchase computer security keys allowing encrypted remote access to computer networks, and that Route 1 breached the contract." (Id. at 2).

On February 27, 2013, the Court entered an Order striking Richardson's Complaint and informing Richardson that, in accordance with Local Rule 2.03(e), the corporate plaintiffs must be represented by an attorney admitted to practice before this Court. (Doc. # 10). On March 18, 2013, Richardson filed a construed motion to appoint counsel. (Doc. # 11). On March 20, 2013, finding no cause to appoint counsel for Richardson or the corporate Plaintiffs, the Court denied the motion. (Doc. # 12). Within that Order, the Court explained that the alleged insolvency of Richardson's corporations does not entitle them to court-appointed legal representation as plaintiffs in this civil action, and additionally advised Richardson

that, if he wished to proceed pro se, he must file a complaint in which he is the only plaintiff; the Court again reinforced that, alternatively, Richardson could file a complaint signed by counsel representing the corporate plaintiffs. (Id. at 4-5).

On April 5, 2013, Richardson filed a construed motion for reconsideration of the Court's Order denying his motion to appoint counsel, arguing that "Ken Richardson, Six X Telecom and Secure Link Technologies are all involved conjointly in the matter . . . . All three need[ ] to be represented otherwise there will be no case." (Doc. # 13). On April 15, 2013, the Court denied Richardson's motion for reconsideration, again explaining that the Court "finds no authority either permitting or requiring appointment of counsel for a corporate plaintiff in circumstances such as those before the Court." (Doc. # 15 at 5) (internal quotations omitted). Also in that Order, the Court advised Richardson for a third time that he may either (1) proceed pro se as the only plaintiff, or (2) file a complaint signed by counsel representing the corporate plaintiffs.

On April 26, 2013, Richardson filed an Amended Complaint listing himself as the only plaintiff. (Doc. # 16). Within the Amended Complaint, Richardson asserted the

3

following five counts: (1) negligence, (2) civil theft, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, (4) unjust enrichment, and (5) fraud. (Id.). On May 10, 2013, Route 1 filed a motion to dismiss the Amended Complaint partially due to Richardson's inability to sue individually for alleged corporate harms. (Doc. # 21 at 6). Richardson failed to file a response in opposition to the motion. On May 31, 2013, the Court entered an Order granting Route 1's motion to dismiss, construing the motion as unopposed in light of Richardson's failure to respond. (Doc. # 27).[1] The Court additionally found that Richardson lacked standing to pursue the causes of action described in the Amended Complaint. (Id. at 9). However, the Court granted the motion without prejudice, thus providing Richardson yet another opportunity to state a cause of action, if possible. (Id.).

On June 13, 2013, Richardson filed a motion requesting an extension of thirty days to file a second amended complaint, explaining that, "despite his best efforts,

---

[1] In that Order, the Court advised Richardson that, "to the extent he may oppose any argument in a motion filed by the Defendant, Richardson must file a response in opposition to the motion within the time prescribed by the Federal Rules of Civil Procedure. Otherwise, . . . the Court will construe the motion as unopposed." (Doc. # 27 at 10).

4

Richardson has been unable to find an attorney to represent his corporations." (Doc. # 28 at 1). The Court granted this extension on June 14, 2013, but advised Richardson that, "absent extraordinary circumstances, no further extensions and no further amended pleadings will be permitted." (Doc. # 29).

On July 17, 2013, Richardson filed a construed Second Amended Complaint lacking numbered paragraphs or individual counts. (Doc. # 32). The Second Amended Complaint quotes Route 1's motion to dismiss Richardson's first Amended Complaint, reminds the Court of Richardson's request to appoint counsel for him as a plaintiff in this civil action, and contains two short paragraphs comprised of factual allegations. (Id.). On July 23, 2013, Route 1 filed the instant Motion to Close and Dismiss Case With Prejudice (Doc. # 33), to which Richardson failed to respond within the time prescribed by the Federal Rules of Civil Procedure. The Court has carefully reviewed the Second Amended Complaint, as well as the Motion to Dismiss, and is otherwise fully advised in the premises.

**II.   Legal Standard**

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual

5

allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

6

**III. Discussion**

Route 1 argues in its Motion to Dismiss that, "[i]nstead of pleading facts sufficient to show that Route 1 owed him a special duty and that he suffered a harm independent from that allegedly suffered by [his corporation], Richardson simply reargues what the Court already rejected -- that he financed the purchase order between [the corporation] and Route 1." (Doc. # 33 at 5). Although the Court recognizes Richardson's allegations that "Route 1 informed me that it would not do any more business with Six X Telecom and I would have to wire them additional funds [to] cover the subscriptions for The Florida Department of Education and Ameritas Life," Richardson additionally alleges that his "Corporation made a sale of (19) Mobikeys to The Florida [D]epartment of Education and (5) Mobikeys to Ameritas Life . . . . Route 1 acknowledged the transaction and responded back with the activation numbers for the keys and subscription service would begin." (Doc. # 32 at 1).

Thus, Richardson again acknowledges that the original contract for the sale of Mobikeys was between Route 1 and "The Corporation," not between Route 1 and Richardson individually. Additionally, Richardson alleges that,

7

"[u]nder duress, [he] had no choice but to wire Route 1 the funds." (Id.). Yet, Richardson confirms that "this took place outside any contractual arrangements with Route 1 and completely against the Plaintiff's will," thus confirming that no new contract was created between Route 1 and Richardson individually with regard to the alleged "additional funds." (Id.).

The Court finds that, to the extent Route 1 may have demanded more money to fulfill its obligations with respect to the Mobikey purchases, Richardson has acknowledged that the contract for the sale of Mobikeys existed between his corporation, Six X Telecom, and Route 1. As the Court explained in its Order granting Route 1's prior motion to dismiss, Richardson may not sue individually for a breach of the contract between Route 1 and Six X Technologies. See U.S. v. Palmer, 578 F.2d 144, 145-46 (5th Cir. 1978) ("The law is clear that only a corporation and not its shareholders, not even a sole shareholder, can complain of an injury sustained by, or a wrong done to, the corporation."). Although Richardson accordingly has been advised of this legal requirement, he persists in attempting to allege an individual harm for the same

alleged contractual breach in order to circumvent the rule that his corporation be represented by counsel.

Courts construe the pleadings of pro se litigants more liberally than formal pleadings drafted by lawyers. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, even when construed liberally to account for Richardson's pro se status, the Second Amended Complaint fails to state a claim for relief. "The leniency afforded to pro se pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (internal quotation omitted).

This Court is not duty-bound to scrutinize Richardson's factual allegations and hypothesize as to what potential cause of action these facts might support. The Court has granted Richardson many opportunities to state a claim for relief in the present case. Despite these opportunities, in the seven months that this case has remained pending before this Court, Richardson has been unable to do so. Furthermore, Richardson has failed to respond to the instant Motion to Dismiss despite the Court's previous advisement regarding the consequences of

such an omission.  The Court accordingly grants Route 1's Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Close and Dismiss Case With Prejudice (Doc. # 33) is **GRANTED.**

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record